

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-59,944-05

### EX PARTE CHARLES MATTHEW FARMER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D180201AR IN THE 260TH DISTRICT COURT FROM ORANGE COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to assault and was sentenced to two years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel provided incorrect advice about parole eligibility. Alternatively, he alleges that he is not being provided parole review in a timely manner. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial

counsel to respond to Applicant's claim. The trial court shall also order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts to respond to Applicant's claim that he has been denied parole review. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law addressing Applicant's claims. The trial court shall make specific findings addressing Applicant's parole eligibility. The trial court shall also make specific findings as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings addressing whether TDCJ has considered Applicant for release to parole and if not, whether he has a parole review date. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 19, 2020
Do not publish